\* Peter Peaceable lessee of Archibald Irwin, [\*293
   *against* John Nicholls and George Swan.

A location, independent of due diligence to obtain a survey, gives no right
to the pre-emption of lands.

A location, whereon no survey has been made, is within the meaning of
the limitation act of the 26th March 1785.

EJECTMENT for 400 acres of land in Mount Pleasant town-
ship. The lessor of the plaintiff grounded his pretensions
to the lands in controversy, on an application entered in the
land office 3d April 1769, No. 554, for 300 acres of land, ad-
joining a small branch of Sewickley, on Braddock's road, the
south side of Jacob's swamp.

Isaac Meason, esq. proved, that one George Paul the brother
in law of Irwin, called on him between the years 1774 and
1776, as deputy of William Thompson, esq. surveyor of the
district, to make a survey thereon of the lands then in the
occupation of Nicholls, one of the defendants: that he went
on the ground, and it appearing that the location was more
descriptive of other lands, particularly a place now held by
Benjamin Lodge, he mentioned that circumstance to Paul,
and they at length declined making the survey, Paul saying,
he would write to Irwin on the subject, who should judge for
himself: that no force or threats were made use of by the
then holders of the lands, to prevent a survey, and that no
further application was ever made to him to make the survey.

Benjamin Lodge swore, that the location might be sup-
posed to describe with convenient certainty the lands in the
possession of Nicholls, but not exclusively of other tracts.

On the part of the defendants it appeared, that George
Swan held part of the lands in dispute, under a permission
from captain Charles Edmonstone, commanding officer to the
westward, dated 22d October 1768, to Prior Theobold, to take
up a place on Jacob's swamp, on Braddock's road, a location
dated 9th August 1769, No. 3722, for 300 acres of land on
the waters of Jacob's creek and Sewickley, reciting Edmon-
stone's permission together with his improvement, and an
ancient settlement of Theobold his predecessor: and that John
Nicholls in 1770, had seated himself on part of these lands
and cultivated them, and afterwards purchased in an applica-
tion of Hercules Drumfield, dated 13th June 1769, No. 3134,
for 300 acres of land adjoining Thomas Thompson on the
east side, and on both sides of Braddock's road, upon which
no survey had been made or applied for.

After argument by Mr. Woods for the plaintiff, and Mr. J.
Ross for the defendants, Yeates J. remarked in his charge to
\*the jury, that the plaintiff must recover by his own [\*294
strength, and not by the weakness of his adversaries.

[Irwin's Lessee *v.* Nicholls et al.]

The plaintiff claims under a location, whereon no survey has been made.  Paul the agent of Irwin, applied between 1774 and 1776, for a survey to be made of the lands held by Nicholls, but on being informed that the location better suited other lands, he freely relinquished the making of it, and said he would write to his brother in law, who should determine for himself.  No further steps appear to be taken by either of them.  A location independent of due diligence being used to obtain a survey, or to prosecute the claim of the party, gives no legal or equitable right to the pre-emption of lands.  It is of itself no title.  Like the fancied land jobbing improvements of girdling a few trees, or picking some brush heaps, such applications give no equity; and when deserted and abandoned, like them, they afford not a shadow of a right. The party, by his negligence and laches, forfeits all his pretensions to a claim, which if duly pursued, would be the inception of a title.  But there is a legal bar to the plaintiff's recovery.  The ejectment was brought after the 2d March 1785.  Under the 5th section of the act of assembly of that date, it is provided, that "no persons having any claim to "the possession of lands, or the pre-emption thereof from the "commonwealth, founded on any prior warrant, whereon no "survey has been made, or in consequence of any prior set- "tlement, improvement or occupation, without other title, "shall hereafter enter, or bring any action for the recovery "thereof, unless they or their ancestors, or predecessors, have "had the quiet and peaceable possession of the same within "seven years, next before such entry or bringing such "action."  Now it is evident to me, that the words "prior warrant" include also "a prior application or location." *Omne majus continet in se minus.*      The words of the act expressly mentioning warrants, though money may have been paid thereon, must *à multo fortiori*, be construed to extend to unexecuted locations, which are but the bare expressions of wishes to hold lands.  The act is an excellent safeguard to landed possessions, and highly beneficial to the community, and should be construed liberally.  Indeed, when there has been fraud in the surveyor to whom the location is directed, or where the adversary has forcibly and violently prevented the making of the survey, the prohibitory terms of the law may not apply, unless there has been a *bona fide* conveyance to a purchaser without notice.  But in the present case there is no evidence of fraud, force or threats, to prevent a survey being made; and therefore, if my idea of the law is just, the plaintiff is not entitled to recover in this ejectment.

Plaintiff nonsuit.